## STUART v. BRITTON LUMBER CO.

### In re CAMPBELL.

(Circuit Court of Appeals, Fifth Circuit. October 28, 1915.)

#### No. 2815.

BANKRUPTCY ⟾451—APPEAL TO CIRCUIT COURT OF APPEALS—AMOUNT OF CLAIMS.

Where the claim against a bankrupt's estate, presented and allowed, is for over $2,500, with specific liens as security therefor, the case is properly appealable to the Circuit Court of Appeals, though no one of the liens amounts to $500, and the only contest is as to the right to the liens.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. ⟾451.

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Appeal from the District Court of the United States for the Middle District of Alabama; Henry D. Clayton, Judge.

A claim of the Britton Lumber Company against M. B. Campbell, bankrupt, was allowed by the referee. From a judgment of confirmation, George Stuart, trustee, appeals. Affirmed.

See, also, Stuart v. E. T. Burrowes Co., 227 Fed. 50, —— C. C. A. ——.

Fred S. Ball, of Montgomery, Ala., for appellant.

Lee H. Weil, J. W. Vardaman, and Davis F. Stakely, all of Montgomery, Ala., for appellee.

Before PARDEE and WALKER, Circuit Judges, and FOSTER, District Judge.

PER CURIAM. In the bankruptcy of Campbell, the appellee, on citation from the referee, filed in the bankruptcy court the proof of its claim in proper form for the sum of $2,603.59; the same being for lumber furnished said bankrupt and used in building some 29 houses

⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

on 29 different lots. To secure its claim, appellee asserted that it had under the laws of Alabama 29 separate liens duly recorded on 29 separate houses and lots belonging to the bankrupt, and prayed that said liens be recognized. The referee allowed the claim, and in passing on the same recognized the appellee's right to the specific liens claimed. Before the referee the amount of the claim of $2,603.59 was not disputed; the only contest being as to the right of the specific liens claimed. On review before the District Court, the referee's findings and conclusions were confirmed.

A motion to dismiss is made, on the ground that an appeal is not a proper remedy for reviewing the action in the lower court in allowing the liens; no question being raised on the review as to the indebtedness itself, and no one of the specific liens amounting to $500. We consider that the claim presented by the appellee was one for $2,603.59, with specific liens as security for the same, and that claim was allowed, and therefore that the case was properly appealable to this court. On the merits we think the case is clearly with the appellee, and we find none of the assignments of error well taken.

Affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes